# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 2, 2007

133743 & (21)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

LYNELL JOHNSON,
      Plaintiff-Appellee,

v

                                       SC: 133743
                                       COA: 273010

SUBURBAN MOBILITY AUTHORITY                                  WCAC: 03-000322
REGIONAL TRANSPORTATION (SMART),
      Defendant-Appellant.

_____/

      On order of the Court, the motion to strike pleadings is DENIED. The application for leave to appeal the March 16, 2007 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration as on leave granted.

      CORRIGAN, J., concurs and states as follows:

      I concur with the order remanding to the Court of Appeals for consideration as on leave granted. I write separately to point out that the Workers' Compensation Appellate Commission (WCAC) majority reversed the magistrate's decision on the basis of a faulty legal premise. The WCAC held that the magistrate's decision granting defendant's petition to stop benefits must be reversed because it was not supported by the medical expert testimony. But the law does not require that a petition to stop worker's compensation benefit payments be supported by affirmative expert medical testimony. For example, if an employee collecting benefits for a torn rotator cuff is videotaped bench-pressing 300 pounds, no medical testimony confirming the employee's recovery is necessary. In any case, both medical and nonmedical testimony were available to the magistrate to support his decision that plaintiff no longer had a work-related mental disability in 1999. First, plaintiff did not receive any medical treatment through most of 1999, and defendant filed its petition to stop in May 2000. Second, the magistrate stated that plaintiff's anger at defendant for opposing her claim for workers' compensation benefits did not disable her from returning to her former job, because "neither Dr. Lingam nor Dr. Rubin felt her anger in itself was disabling, while Dr. Kezlarian found

her expression of anger bizarre and disproportionate." Defendant's expert, Dr. Kezlarian, expressed skepticism about plaintiff's claims of a work-related condition, and the magistrate apparently gave more credence to Dr. Kezlarian's opinion after learning that plaintiff had repeatedly lied about her work and treatment history and had neglected to tell her treating physician that she had secured a new job at a different company. Thus, the WCAC's decision appears to contain some serious flaws. In any case, on remand, the Court of Appeals should closely scrutinize the WCAC majority's ill-reasoned and apparently result-driven decision.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 2, 2007

t1030

_____
Clerk